IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDDIE LEE JOHNSON, | § | |
| (Tarrant CID # 0235907) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-838-O |
| | § | |
| TARRANT COUNTY, et al. | § | |

### ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION, FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND ORDERING PLAINTIFF TO PAY A FULL FILING FEE

This civil action was initiated by the filing of a civil complaint by Tarrant County jail inmate Eddie Lee Johnson. On October 17, 2013, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing fee. The magistrate judge gave plaintiff Johnson until November 8, 2013, to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, Plaintiff is not entitled to proceed in forma pauperis, and must pay the filing fee.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Plaintiff Eddie Lee Johnson (Tarrant CID No. 0235907) is not entitled to proceed *in forma pauperis* in this action. If plaintiff Johnson wishes to proceed with this action, he must pay to the

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

- 2 -

clerk of Court the full filing and administrative fees of $400.00 within seven (7) days of the date of this order. Plaintiff is advised that failure to timely pay the full fees to the clerk of Court will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[2]

    Signed November 13, 2013.

                                    Reed O'Connor
                                    **UNITED STATES DISTRICT JUDGE**

---

[2] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).